**Fred M. ANDERSON, Appellant,**

v.

**William French SMITH, United States Attorney General, Appellee.**

**No. 82–2227.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 3, 1983.

Decided Jan. 6, 1983.

Fred M. Anderson, pro se.

Robert M. Small, Asst. U.S. Atty., Minneapolis, Minn., for appellee; William French Smith, Washington, D.C. of counsel.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Appellant Fred Anderson was released from New York state prison on August 17, 1981, into federal custody to begin serving a three-year sentence. He spent a few nights in a county jail in New York and a few days in federal facilities in Pennsylvania, Wisconsin, and Indiana before arriving at Sandstone prison in Minnesota on September 22, 1981. He stayed at Sandstone until April 15, 1982, when he was transferred to Allenwood prison in Pennsylvania.

While in Sandstone, Anderson filed suit against Attorney General William French Smith. The suit was based on alleged violations of Anderson's constitutional right of access to the courts.

While imprisoned in New York, Anderson had filed suit in federal district court against state correction officials. Some-

time after his move to Minnesota, his New York action was dismissed because, Anderson alleges, he never received a copy of a magistrate's recommendation of dismissal and thus never objected to the dismissal. Anderson argues that Bureau of Prisons Policy Statement 5100.1[1] imposes an affirmative duty on federal prison officials to investigate whether a prisoner is a litigant in a lawsuit before removing a prisoner from that jurisdiction. Because Anderson was not so investigated, there was no awareness of the pending litigation and he was removed from New York; thus, he argues, his right of access to the courts was impaired. He sought money damages for this violation.

The district court[2] granted appellee's motion for summary judgment, finding Policy Statement 5100.1 imposed no affirmative duty to find out about pending inmate litigation; rather, it merely limited transfers when the Bureau was already aware of such litigation. In this case, there is no evidence that the Bureau was aware of Anderson's New York lawsuit.

An inmate is entitled to expect the Bureau of Prisons to follow its own policies. *See Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). Where the right implicated is constitutional, as is the right of access to the courts, an inmate may seek relief from a federal court. *Albers v. Ralston,* 665 F.2d 812 (8th Cir.1981). Here, however, there is no indication that the federal prisons involved did not follow Bureau policies. Anderson does not allege that any federal prison official was aware of the litigation in which he was involved, and the policy only applies when an institution can be charged with such knowledge.

The judgment is affirmed on the basis of the district court's well-reasoned opinion. 8th Cir.R. 14.

1. Policy Statement 5100.1 provides:
   *Courts:* Complicated jurisdictional or legal problems must be resolved before transfer. If an institution has knowledge that an inmate has legal action pending in the district in which confined, the inmate is not to be

transferred without prior consultation with the appropriate United States Attorney . . . .

2. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.